CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 19 2012

JULIA O. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES JERRY HAIRSTON, | ) | CASE NO. 7:12CV00460 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| NEW RIVER VALLEY REGIONAL JAIL, | ) | |
| ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

James Jerry Hairston, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that jail officials have subjected him to overcrowding and inadequate medical care and denied him access to a properly purchased law book, in violation of his constitutional rights. After review of Hairston's complaint, the court summarily dismisses the action without prejudice for failure to state a claim.

I

Hairston is incarcerated at the New River Valley Regional Jail ("the jail") in Dublin, Virginia. Hairston alleges that the jail is overcrowded; the toilet facilities are infested with flies and "unidentifiable vermin" and stink of urine; one small sink must serve 54 or more men in one housing unit, and that sink is often contaminated with blood, hair, food, and other substances; officials do not clean the separate shower and lavatory areas in the housing units with sufficient frequency; jail officials do not provide inmates with cleaning gloves or adequate cleaning products; airborne diseases spread "rampantly" through the jail; and noise levels in the jail's dorms are "unreasonable." Inmates who have been sentenced to two to five years in prison remain incarcerated at the jail for these lengthy periods, because Virginia Department of Corrections ("VDOC") facilities are overcrowded. In response to Hairston's grievance about

these conditions, a jail official responded that the jail met inspection by the VDOC and the Virginia Department of Health ("VADH") in 2012.

Hairston also complains that jail officials have not provided appropriate follow up care for serious injuries he received in a vehicle collision before his incarceration. Jail officials did not perform any health screening on Hairston, did not obtain his medical records until July 1, 2012, and ignored his complaints about "herniated areas around his abdomen." When Hairston filed an "emergency medical request form" in September 2012, complaining of excruciating pain and swelling around his abdomen, he did not receive any immediate medical attention.

Finally, Hairston complains that after his family complied with jail regulations to pay a publisher to send Hairston a law book at the jail, officials there failed to deliver the book to Hairston. Ultimately, officials returned the book to the publisher.

As defendants in this action, Hairston names only the jail, the VDOC, and the VADH. Hairston seeks compensatory and punitive damages and injunctive relief, ordering that the offending housing areas be closed.

## II

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or official if the court determines that the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).

The jail is not a "person" and is therefore not amenable to suit under § 1983. Preval v. Reno, 203 F.3d 821, 2000 WL 20591, at *1 (4th Cir. 2000) (unpublished) (quoting Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)). Therefore, the court dismisses all claims against the jail, under § 1915A(b)(1), as legally frivolous.[1]

Hairston also has no actionable § 1983 claim against the other defendants he has named: the VDOC and the VADH. It is well settled that a state cannot be sued under § 1983. Will, 491 U.S. at 71 ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). This rule applies "to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." Id. at 70. Thus, the VDOC and the VADH, as agencies of the Commonwealth of Virginia, cannot be sued under § 1983, and the court must dismiss Hairston's claims against them under § 1915A(b)(1), as legally frivolous.

Because Hairston names no defendants in this lawsuit who are subject to suit under § 1983, the court will summarily dismiss the entire action without prejudice. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 14d day of October, 2012.

_____
Chief United States District Judge

---

[1] Hairston also fails to allege facts stating an actionable Eighth Amendment claim concerning the jail conditions he challenges, because he does not allege facts suggesting that he, personally, has suffered, or is likely to suffer, any serious or significant injury from these conditions. See Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995).

3